

Kathryn P. Lucido
*Fellowship Attorney*
Federal Defenders of Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
Attorney for Dejuan Idel Nelms

United States District Court
District of Washington
The Honorable Lonny R. Suko

| | |
|---|---|
| United States of America, | No. 2:05-cr-00047-LRS-1 |
| Plaintiff, | Motion for Early Termination of Supervised Release |
| v. | |
| Dejuan Idel Nelms, | |
| Defendant. | July 28, 2022 at 6:30 p.m. Without Oral Argument |

Motion for Early Termination of Supervised Release

1

## I.  Introduction

Dejuan Nelms, through counsel, Kathryn P. Lucido, for the Federal Defenders of Eastern Washington and Idaho, hereby moves this Court for a motion for early termination of supervised release. This motion is supported by this memorandum, as well as the court's record and file.

## II.  Background

On February 9, 2005, Mr. Nelms was charged by indictment with three violations of 21 U.S.C. § 841(a)(1).[1] Mr. Nelms pleaded guilty on September 21, 2005, to one count of possession with intent to distribute 50 grams or more of cocaine base (21 U.S.C. § 841(a)(1)) pursuant to an agreement with the government.[2] On October 10, 2006, the Court sentenced Mr. Nelms to 180 months imprisonment and 10 years of supervised release for a violation of 21 U.S.C. § 841(a)(1).[3] Mr. Nelms completed his prison sentence and commenced supervised release on May 26, 2017.

Mr. Nelms was represented by retained counsel through sentencing, although this office was briefly appointed from May 2015 to March 2016 to evaluate his eligibility for a sentence reduction under the U.S. Sentencing Commission's Amendment 782.

---

[1] *See* ECF No. 1 (Indictment).
[2] *See* ECF No. 42 (Order Accepting Guilty Plea).
[3] This information comes solely from Mr. Nelms's ECF docket report, as the filings concerning his sentencing remain under seal.

### III.   Discussion

**A.   Legal Standard.**

This Court is empowered under 18 U.S.C. § 3583(e)(1) to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of 1 year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." A district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *U.S. v. Emmett*, 749 F.3d 817, 819 (citing *U.S. v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). However, a defendant need not establish "rare" or "exceptional" circumstances to receive early termination of supervised release. *U.S. v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding whether to terminate supervised release under §3583(e)(1), the Court is to consider a subset of the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e); *Emmett*, 749 F.3d at 819. The factors most relevant to this case are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed— . . .
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
>
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission . . .

18 U.S.C. § 3553(a).

**B.    Mr. Nelms is statutorily eligible for early termination of supervised release.**

Section 3583(a)(1) requires defendants to complete one year of supervised release to qualify for early termination of supervised release. As of this filing, Mr. Nelms has completed more than five years of supervised release. He is therefore eligible to seek early termination.

**C.    U.S. Probation does not oppose early termination of Mr. Nelms's supervised release.**

Defense counsel contacted U.S. Probation Officer Corey McCain to obtain Probation's position on this motion. Officer McCain confirmed that Mr. Nelms has remained compliant with his supervised release conditions to date. He reported that Probation will defer to this Court's decision on early termination.

**D.    Mr. Nelms has demonstrated exemplary conduct since his release.**

While "exceptional" conduct is not a requirement for early termination, *Ponce*, 22 F.4th at 1047, Mr. Nelms has nevertheless shown exceptional commitment to living a law-abiding, productive, and sober life.

*First,* he set his sights on gainful employment as the way to post-release stability. In custody, he participated in vocational programming relating to HVAC system and appliance maintenance. He quickly found work after transfer to the Spokane RRC and has kept busy ever since. First, he worked at a recycling facility in Geiger Heights. He then found jobs at Travis Pattern and Foundry and Full Speed Transport. While at Full Speed Transport, he opened his own HVAC maintenance company to make use of his technical

training—Dejuan's Heating Cooling Refrigeration & Kitchen Exhaust Hood Cleaning LLC. He saved his earnings from Full Speed Transport to cover startup costs and to enroll in a power-washing training program.

Business was soon booming. He left Full Speed Transport in 2020 to devote his full attention to his company. He has enjoyed steady business in spite of the pandemic and serves many commercial and residential buildings in Spokane and the surrounding parts of Washington. The years of hard work, and the successful business he has grown through dedication, are relevant history and characteristics under §3553(a)(1) that weigh in favor of early termination.

*Second,* he has cultivated a strong local support system. He currently lives with his girlfriend, Lanita De La Rosa, her 20-year-old daughter Morgan, and his 21-year-old son, Jaylen Todd. He can ask Jaylen for help, particularly on days when his work schedule is grueling. His daughters, Taija and Briannah Nelms (ages 21 and 19), also live in the area. After so many years in prison, he is glad he can finally be there for his family. While he left Full Speed Transport two years ago, he maintains his friendship with his former boss, owner David Parish. He has been close friends for years with Randy Baker, who runs his own construction business. Mr. Baker is fully aware of Mr. Nelms's situation and very supportive of his personal and professional goals. In the past, Mr. Baker has even offered his own home to Mr. Nelms as a place to stay and a steady mailing address for Mr. Nelms's business. Mr. Nelms has surrounded himself with his loved ones and colleagues

in similar trades; this is also relevant under §3553(a)(1) and weighs in favor of early termination.

*Third,* he has maintained strict compliance with his supervised release conditions. Over five years, he has incurred no violations and has never had a positive drug test. Five years of supervised release, by itself, is a significant term, particularly when most supervised release violations occur within the first two to three years.[4] His performance on supervised release to date reflects pertinent history and characteristics under §3553(a)(1) weighing in favor of early termination. This also demonstrates that further supervision will have no additional benefit in deterrence, protecting the public, or rehabilitation under §3553(a)(2)(B)–(D).

*Fourth*, §3553(a)(5)(A) recommends courts consider any relevant policy statements from the U.S. Sentencing Commission. Of relevance here, the Sentencing Commission encourages courts to grant motions for early termination when defendants with substance addictions successfully complete a treatment program, "thereby reducing the risk to the public from further crimes of the defendant."[5] He completed the 500-hour Residential

---

[4] U.S. Sent'g Comm'n, *Federal Probation and Supervised Release Violations*, at 4 (July 2020), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/20200728_Violations.pdf.
[5] U.S. Sent'g Comm'n, *Primer on Supervised Release*, at 10 (Feb. 2019), https://www.ussc.gov/sites/default/files/pdf/training/primers/2019_Primer_Supervised_Release.pdf (citing USSG §5D1.2, cmt. (n.5)).

Drug Abuse Program and was granted a sentence reduction upon graduation. That treatment was clearly effective and has reduced Mr. Nelms's recidivism risk.

*Finally*, §3553(a)(1) instructs courts to consider the nature of the offense. Mr. Nelms recognizes that his offense was serious. Addiction undergirded Mr. Nelms's original drug offense and posed the greatest challenge to his rehabilitation. But he rose to that challenge. He has repudiated his former lifestyle and associates. Maintaining sobriety is no easy feat, but his clean drug screening record proves he can do it.

### E. Early termination of Mr. Nelms's supervised release serves the interests of justice.

Mr. Nelms's business means everything to him. Over the years, he has slowly developed his clientele through marketing (including figuring out how to build a website) and striving for high customer satisfaction. But supervised release poses barriers to his business's growth. Customers have sought to hire him for projects in Idaho, Montana, and even Oregon, but he does not feel comfortable accepting out-of-state work because of his travel restrictions. Probation typically requires he submit a concrete itinerary in advance of any travel. That's easy to provide for things like family trips. But the nature of his work involves uncertainty. It's often hard to know how long a job will take until he can assess it in person. Bidding for out-of-state projects is difficult without the ability to travel on short notice. But every inquiry he turns down is a lost opportunity to grow his company.

Adding to this, Mr. Nelms aims for more than just financial growth. He recognizes how important work is to people facing big transitions, and he remembers how hard it was

to find a good job—when he first got to the Spokane RRC, he started out picking up garbage. He plans to establish relationships with the Spokane RRC, Pioneer Human Services, and similar entities to offer program residents consistent, rewarding work in a high-demand trade. But he cannot start this process while he is still serving his own sentence.

In sum, early termination will allow Mr. Nelms to continue his upward trajectory and to help others follow his path.

### IV.    Conclusion

Mr. Nelms merits a chance to seek early termination of his supervised release. The §3553(a) factors indicate Mr. Nelms has changed course, poses little risk of recidivism, and will not benefit from further supervision. The benefits of early termination will serve the interests of justice, both for Mr. Nelms personally and for the broader community.

Dated: June 29, 2022

Respectfully Submitted,

/s/Kathryn P. Lucido
Kathryn P. Lucido, WSBA No. 58390
Attorney for Dejuan Idel Nelms
Federal Defenders of
Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Kathryn_Lucido@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which send notification of such filing to Assistant United States Attorney Stephanie Van Marter.

<u>/s/Kathryn P. Lucido</u>
Kathryn P. Lucido, WSBA No. 58390
Attorney for Dejuan Idel Nelms
Federal Defenders of
Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Kathryn_Lucido@fd.org